IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY J. McDOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:05-cv-02071-VEH |
| DANNY MORTON, individually | ) |
| and in his capacity as SHERIFF OF | ) |
| BLOUNT COUNTY, BLOUNT | ) |
| COUNTY COMMISSION, and | |
| BLOUNT COUNTY, | |
| | |
| Defendants. | |

## MEMORANDUM OPINION

This is a civil action filed by the plaintiff, Terry McDowell ("McDowell"), against defendants Sheriff Danny Morton, Blount County, and the Blount County Commission, on September 30, 2005. This matter is before the Court on Defendant Sheriff Danny Morton's ("Morton") Motion to Dismiss Counts One, Two, and Three of the Complaint (docs. 1 and 3).

## ALLEGATIONS OF THE COMPLAINT[1]

The Complaint alleges as follows:

    8. Plaintiff began his employment with Defendants on June 1, 2001 as a deputy sheriff. At all times, all three Defendants were co-

---

[1]All of the facts contained within this memorandum opinion are drawn from the complaint (doc. 1).

employers of the Plaintiff. Morton delegated Plaintiff's responsibilities and the County and its Commission collected taxes to compensate Plaintiff for the services rendered to the County and Commission.

9. On February 11, 2005, after witnessing an automobile driving in Blount County at 73 miles per hour in a 55 mile per hour zone, Plaintiff attempted to perform a routine traffic stop. A high speed chase ensued when the automobile proceeded to accelerate in an effort to elude the Plaintiff.

10. Plaintiff apprehended the automobile and peaceably removed the suspect from his car. Due to the suspect's attempt to flee, Plaintiff reasonably placed handcuffs on the suspect.

11. Plaintiff then released the suspect and allowed him to sign tickets for speeding and attempting to elude an officer.

12. On March 16, 2005, Morton requested that Plaintiff resign from his position because of the traffic stop on February 11, 2005, despite the fact that no force of any sort was exerted by Plaintiff.

13. Following this conversation, Plaintiff began suffering severe chest pains.

14. On March 17, 2005 Plaintiff went to the hospital and underwent an angioplasty procedure.

15. Following this surgical procedure for a serious health condition, Sheriff Danny Morton terminated Plaintiff's employment on April 18, 2005.

16. There was no legitimate reason for Defendant to terminate Plaintiff.

**IV.  COUNT ONE - AGE DISCRIMINATION IN EMPLOYMENT ACT (Danny Morton in his official capacity as Sheriff of Blount County, Blount County, & Blount County**

   Commissioners)

   18. Plaintiff was singled out and treated differently than younger employees who were accused of the same or worse violations of acceptable law enforcement conduct.

   19. Plaintiff was more severely disciplined, including termination, than younger, similarly situated sheriff officers who received no discipline.

   20. As a result of the actions of the Defendant, Plaintiff has suffered a loss of pay and benefits.

V.   **COUNT TWO - FMLA INTERFERENCE (Danny Morton as an individual, Blount County, & Blount County Commission only)**

   22. Plaintiff commenced emergency FMLA leave on April 14, 2005, for the emergency procedure of an angioplasty.

   23. Plaintiff, having been employed in excess of twelve months and working over 1,250 hours during the preceding year at the time of the emergency, qualified for leave under the FMLA.

   24. Morton terminated Plaintiff without allowing him to return to his job following his surgery for a serious health condition.

   25. There was no legitimate reason for Plaintiff's termination.

   26. As a result of Defendant's illegal actions, Plaintiff has suffered a loss of pay benefits.

VI.  **COUNT THREE - FMLA RETALIATION (Danny Morton as an individual, Blount County, & Blount County Commission only)**

   28. Plaintiff commenced emergency FMLA leave on April 14,

2005, for the emergency procedure of an angioplasty.

29. Plaintiff, having been employed in excess of twelve months and working over 1,250 hours during the preceding year at the time of the emergency, qualified for leave under the FMLA.

30. In retaliation for Plaintiff having surgery to correct his serious health condition, Morton terminated Plaintiff.

31. There was no legitimate reason for Plaintiff's termination.

32. As a result of Defendant's illegal actions, Plaintiff has suffered a loss of pay and benefits.

## STANDARD OF REVIEW

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the nonmoving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002)(citing *GJR Invs., Inc. v. County of Escambia, Fla*, 132 F.3d 1359, 1367 (11th Cir. 1998)).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16

(11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)(emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).  "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is...'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

## DISCUSSION

**A.   Count One**

As an initial matter, McDowell has dismissed the ADEA claim against Morton in his official capacity.  [Plaintiff's Response Brief at 1].  Accordingly, the Motion to Dismiss Count One as to Morton will be **GRANTED**, and, as to Morton, the count will be **DISMISSED with prejudice**.

**B.   Counts Two and Three**

Counts Two and Three of McDowell's compliant are brought against Sheriff Morton in his individual capacity for alleged FMLA violations. [Complaint 4, 5]. As a sheriff, Morton is a public official. *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995)

(citing *Parker v. Amerson*, 519 So. 2d 442 (Ala. 1987)). The issue under consideration by the Court is whether a public official can be sued in an individual capacity under the FMLA.

In *Wascura v. Carver*, the 11th Circuit addressed this issue and held:

> a public official sued in his or her individual capacity is not an "employer" under the FMLA, and therefore there is no federal subject matter jurisdiction over such a claim. The district court should have dismissed the FMLA claim insofar as it is asserted against the defendants in their individual capacities.

*Wascura v. Carver*, 169 F.3d 683 (11th Cir. 1999). In applying the precedent established in *Wascura*, McDowell's claims against Morton in his individual capacity are not within the subject matter jurisdiction of this Court. *Wascura*, 169 F.3d 683. Accordingly, the Motion to Dismiss Counts Two and Three as to Morton in his individual capacity will be **GRANTED**, and, as to Morton, the Counts will be **DISMISSED with prejudice**.

## CONCLUSION

For the reasons stated herein, Morton's Motion to Dismiss Counts One, Two, and Three is due to be **GRANTED**, and, as to Morton only, the Counts will be **DISMISSED with prejudice**. A separate order will be entered.

**DONE** this 28th day of November, 2005.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge